**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 53**

Docket No. DA-1221-15-0060-W-1

**Rebstock Consolidation,[1]**

**Appellants,**

**v.**

**Department of Homeland Security,**

**Agency.**

September 29, 2015

Kris W. Kobach, Kansas City, Kansas, for the appellants.

J. Douglas Whitaker, Esquire, Omaha, Nebraska, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellants have filed a petition for review of the initial decision, which dismissed their consolidated individual right of action (IRA) appeals for lack of jurisdiction.  For the reasons that follow, we DENY the appellants' petition for review and AFFIRM the initial decision.

---

[1] This consolidation consists of the following appeals:  *Christopher L. Crane v. Department of Homeland Security*, MSPB Docket No. DE-1221-15-0043-W-1; *David A. Engle v. Department of Homeland Security*, MSPB Docket No. DA-1221-15-0039-W-1; *Samuel Martin v. Department of Homeland Security*, MSPB Docket No. DA-1221-15-0040-W-1; and *Tre I. Rebstock v. Department of Homeland Security*, MSPB Docket No. DA-1221-15-0041-W-1.

BACKGROUND

¶2     The appellants serve as law enforcement officers with the agency's Immigration and Customs Enforcement component. Consolidation Appeal File (CAF), Tab 8 at 21, 24-25. As law enforcement officers, the appellants are responsible for, among other things, executing arrest warrants for immigration violations. *Id*. at 24-25. The appellants, collectively, filed a complaint with the Office of Special Counsel (OSC) alleging that they were threatened with disciplinary action if they refused to follow several agency memoranda that provided guidance on the exercise of prosecutorial discretion in enforcing Federal immigration law. *Id*. at 28, 33-34. In their OSC complaint, the appellants asserted that the agency's memoranda violated existing Federal immigration law, the Administrative Procedures Act, and several provisions of the U.S. Constitution, and that they believed they would be disciplined if they failed to follow the memoranda, which they asserted would be a violation of 5 U.S.C. § 2302(b)(9)(D). *Id*. at 26, 33-34, 37-44.

¶3     OSC issued close-out letters informing the appellants of their rights to seek corrective action from the Board. *Id*. at 68-83. The appellants each filed timely IRA appeals, which the administrative judge consolidated. CAF, Tab 2. The administrative judge provided the appellants notice of how to establish the Board's jurisdiction over their consolidated appeal, and the appellants and the agency submitted responses to the jurisdictional order. CAF, Tabs 9-10, 12. Without holding a hearing, the administrative judge dismissed the consolidated appeal for lack of jurisdiction. CAF, Tab 13, Initial Decision (ID). In his initial decision, the administrative judge found that all of the events giving rise to the consolidated appeal occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-19, 126 Stat. 1465, and that they thus were not entitled to rely upon the WPEA's expanded grant of jurisdiction to file an IRA appeal alleging a violation of section 2302(b)(9)(D). ID at 4. The administrative judge further found that, to

the extent any of the acts at issue occurred after the WPEA's effective date, the appellants failed to nonfrivolously allege that they engaged in protected activity under section 2302(b)(9)(D) or that the agency threatened to take any personnel action against them based upon their alleged protected activity. ID at 5-6.

¶4 The appellants have filed a petition for review arguing that they have new evidence demonstrating that they have been threatened with disciplinary action if they do not follow the agency's memoranda and directives. *See* Petition for Review (PFR) File, Tab 1 at 10-16. In their petition for review, the appellants also renew their argument that the agency's guidance violates several Federal statutes and the U.S. Constitution and that they will be subject to disciplinary action if they refuse to follow the agency's memoranda and policy directives. *Id.* at 22-23. The agency has filed a response in opposition, and the appellants have filed a reply.[2] PFR File, Tabs 3-4.

## ANALYSIS

The WPEA's expanded grant of jurisdiction to file an IRA appeal concerning an alleged violation of 5 U.S.C. § 2302(b)(9)(D) does not apply retroactively to pre-WPEA conduct.

¶5 Pursuant to the WPEA, which became effective on December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014); *see* WPEA § 101(b)(1)(A). Prior to the enactment of the WPEA, an appellant only could file an IRA appeal with the Board based on allegations of whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *See Wooten v. Department of Health & Human Services*, 54 M.S.P.R. 143, 146 (1992), *superseded by statute*

___

[2] In their reply, the appellants assert that they have a second category of new evidence further supporting their claim that they have been threatened with disciplinary action. *See* PFR File, Tab 4 at 10-12. As explained below, because the appellants have not presented this allegation of a threatened personnel action to OSC, this allegation is not properly before the Board in the instant IRA appeal.

*as stated in Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 5 (2014).  Following the WPEA's enactment, however, an appellant also may file an IRA appeal with the Board concerning alleged reprisal based on certain other classes of protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).  5 U.S.C. § 1221(a); *Hooker*, 120 M.S.P.R. 629, ¶ 9.

¶6        Here, the appellants filed a complaint with OSC alleging a violation of section 2302(b)(9)(D), and thereafter filed an IRA appeal with the Board raising the same allegations.  *See* CAF, Tab 1, Tab 8 at 21-46.  Section 2302(b)(9)(D) bars, among other things, taking or threatening to take a personnel action based on an employee's refusal "to obey an order that would require the individual to violate a law."  5 U.S.C. § 2302(b)(9)(D).

¶7        Filing an IRA appeal based on an alleged violation of section 2302(b)(9)(D) is one of the new bases for filing an IRA appeal with the Board under the WPEA.  5 U.S.C. § 1221(a); *Hooker*, 120 M.S.P.R. 629, ¶ 9. The Board has declined to give retroactive effect to the other new IRA appeal rights provided under the WPEA for alleged violations of section 2302(b)(9)(A)(i), (B), or (C).  *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 7 (2014) (sections 2302(b)(9)(A)(i) and (C)); *Hooker*, 120 M.S.P.R. 629, ¶¶ 11-15 (section 2302(b)(9)(B)).  Consistent with those decisions, and applying the analytical framework set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), we find that, prior to the enactment of the WPEA, the Board lacked jurisdiction over allegations of reprisal for the protected activity described in section 2302(b)(9)(D) raised in an IRA appeal. Accordingly, we decline to give retroactive effect to the expanded grant of jurisdiction to file an IRA appeal concerning an alleged violation of section 2302(b)(9)(D) based upon conduct that took place prior to the WPEA's December 27, 2012 effective date, as doing so would increase a party's liability for past conduct as compared to pre-WPEA liability.  *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 15 (2014), *aff'd*, No.

2015-3054, 2015 WL 4681015 (Fed. Cir. Aug. 6, 2015); *Colbert*, 121 M.S.P.R. 677, ¶ 7; *Hooker*, 120 M.S.P.R. 629, ¶ 15.

¶8        Thus, to the extent the appellants allege that the agency violated section 2302(b)(9)(D) prior to December 27, 2012, the WPEA would not apply to, and the Board would lack jurisdiction over, any such challenge under the pre-WPEA standards.[3]   *See Miller*, 122 M.S.P.R. 3, ¶ 15[4]; *see also Colbert*, 121 M.S.P.R. 677, ¶ 7; *Hooker*, 120 M.S.P.R. 629, ¶ 15.

<u>To the extent the appellants are challenging the agency's actions occurring on or after the WPEA's effective date, the appellants have failed to nonfrivolously allege that the Board has jurisdiction over their consolidated IRA appeal.</u>

¶9        To secure corrective action from the Board in an IRA appeal, an appellant first must seek corrective action from OSC.  *See Carney*, 121 M.S.P.R. 446, ¶ 4. If an appellant exhausts his administrative remedies with OSC, then he must establish Board jurisdiction by nonfrivolously alleging that he engaged in activity protected by the WPEA and that the protected activity was a contributing factor in a challenged personnel action.  *Id*., ¶¶ 5, 7; *see Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 9 (2014).  Regarding the contributing factor element, to establish Board jurisdiction over an IRA appeal, an appellant must nonfrivolously allege that an individual with authority took, failed to take, or threatened to take or failed to take any personnel action, as defined by 5 U.S.C. § 2302(a)(2)(A), based upon the appellant's protected activity.

---

[3] As explained above, prior to the effective date of the WPEA, an appellant could only file an IRA appeal with the Board concerning alleged whistleblower reprisal under section 2302(b)(8).  *See, e.g.*, *Wooten*, 54 M.S.P.R. at 146.  We have reviewed the appellants' OSC complaint and OSC's close-out letter and find that the appellants did not allege that they engaged in any form of protected whistleblowing under section 2302(b)(8).  *See* CAF, Tab 8 at 21-46, 68-71.

[4] Similar to *Miller*, the fact that the appellants filed their IRA appeals with the Board after the WPEA's effective date does not change the outcome of this appeal to the extent they are challenging the agency's conduct that occurred prior to the WPEA's effective date.  *See Miller*, 122 M.S.P.R. 3, ¶ 15 n.5.

5 U.S.C. § 2302(b)(9).   Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.   *See Carney*, 121 M.S.P.R. 446, ¶ 11; *Aquino*, 121 M.S.P.R. 35, ¶¶ 9-10.

¶10        We agree with the administrative judge that the appellants failed to nonfrivolously allege that an individual with authority threatened to take disciplinary action against them for failing to follow the agency's memoranda and policy directives concerning the enforcement of Federal immigration law.[5]  *See* ID at 5-6.  The Board has held that the term "threaten" in section 2302 should be interpreted broadly.   *Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶ 5 (2002).    Applying this broad construction, the Board has found threatened personnel actions where a counseling memorandum warned of possible future discipline, *id.*, ¶¶ 7-8, and where a supervisor stated that an employee should not expect the same performance rating he had received the year before, *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 600, 608 (1991), *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992).   An appellant's generalized assertions and fears of discipline, without reference to any specific matter, however, fall below the modest standard for alleging a threatened personnel action.   *See Godfrey v. Department of the Air Force*, 45 M.S.P.R. 298, 303 (1990).[6]

---

[5] Disciplinary action is one of the categories of personnel action expressly included within section 2302(a)(2)(A).  5 U.S.C. § 2302(a)(2)(A)(iii).

[6] The appellants advance on review that the controlling question is whether a reasonable person would believe that the agency threatened to take a personnel action.  *See* PFR File, Tab 4 at 10.  Although the Board employs a reasonable person standard when considering whether an employee has made a protected whistleblowing disclosure under section 2302(b)(8), this standard does not apply to whether an appellant has nonfrivolously alleged that the agency threatened to take a personnel action in violation of section 2302.  *See Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015); *Godfrey*, 45 M.S.P.R. at 303.

¶11     Here, the appellants have alleged only that they *believe* they will face disciplinary action if they disregard the agency's memoranda. *See, e.g.*, CAF, Tab 8 at 35 ("[Appellant] Martin believes that he faces the threat of disciplinary action if he follows federal law . . . contrary to [the agency's memoranda]."); *see also* CAF, Tab 11 at 8-9 ("I fear that if I follow federal law . . . I will be suspended and ultimately terminated."). Totally lacking from the appellants' submissions, however, is any reference to a verbal or written statement, admonishment, or notice from the agency that they risk possible disciplinary action if they do not follow the agency's guidance. *See Godfrey*, 45 M.S.P.R. at 303 ("*some* concrete manifestation—(such as) 'mere harassment and threat'— is required") (emphasis in original). The appellants thus have offered nothing to support their claim of threatened discipline other than their own subjective suspicions that they could be disciplined. Abstract concerns about possible disciplinary action, without any evidence that the agency actually has threatened or suggested it would take such action, do not constitute nonfrivolous allegations that the agency threatened to take a personnel action in violation of section 2302. *See id.*; *see also Daniels v. Department of Veterans Affairs*, 105 M.S.P.R. 248, ¶ 8 (2007) (finding that the agency's suggestion that an employee might not be qualified for her job did not constitute a threatened personnel action).

¶12     The appellants' assertion, that they fear disciplinary action "based upon official communications to them . . . from their superiors, past events, and public sources," CAF, Tab 8 at 33, does not change our conclusion. As the administrative judge acknowledged in his initial decision, ID at 3, vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard, *see Aviles v. Merit Systems Protection Board*, No. 14-60645, 2015 WL 5010031, at *8 (5th Cir. Aug. 24, 2015); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014); *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008). We concur with the administrative judge that the appellants' assumption, that they may face disciplinary action based upon "past

events" and "public sources," does not constitute a nonfrivolous allegation that they were threatened with a personnel action. Additionally, the appellants' oblique reference to implied threats of discipline in "official communications," standing alone, fails to nonfrivolously allege that the agency threatened to take a personnel action. *See McDonnell*, 108 M.S.P.R. 443, ¶ 7; *see also Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006). As the Board's decisions make clear, despite the broad reading afforded to the term "threatened," the agency must take some action signifying its intent to take a personnel action. *See Gergick v. General Services Administration*, 43 M.S.P.R. 651, 656 (1990) (adopting the dictionary definition of the term "threaten"). We thus agree with the administrative judge that the appellants failed to nonfrivolously allege that the agency threatened to take a personnel action against them.

¶13        Finally, we also agree with the administrative judge that the appellants have failed to nonfrivolously allege that they engaged in protected activity under section 2302(b)(9)(D) by refusing to obey an order.[7] ID at 6. We fully concur with the administrative judge's well-reasoned findings that the appellants failed to allege that any of them actually refused to follow any supervisor's order, and, absent a nonfrivolous allegation that they engaged in such protected activity, they cannot establish the Board's jurisdiction over their consolidated IRA appeal. *See generally Carney*, 121 M.S.P.R. 446, ¶ 7.

The appellants' new evidence submitted on petition for review does not compel a different result.

¶14        In their petition for review, the appellants argue that new evidence supports their claim that they will face disciplinary action if they fail to follow the agency's memoranda. *See* PFR File, Tab 1 at 9-16. Specifically, they assert that,

---

[7] In reaching this finding, we offer no opinion whether the agency's guidance and memoranda on the enforcement of Federal immigration law violate a law for the purposes of establishing a violation of section 2302(b)(9)(D).

during a nationally televised address in February 2015, the President stated that agency employees who disagree with the agency's policy directives concerning the enforcement of Federal immigration laws will "be answerable to the head of the Department of Homeland Security," and that "there are going to be consequences" for those who refuse to follow such policies. *Id.* at 10. Additionally, in their reply, the appellants assert that the Director of Immigration and Customs Enforcement testified before Congress in April 2015 that employees would be disciplined if they did not follow the agency's directives concerning the enforcement of Federal immigration law. *See* PFR File, Tab 4 at 10-11.

¶15        The Board generally will not grant a petition for review based upon new evidence absent a showing that the new evidence is of sufficient weight to warrant an outcome different than that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We agree that the statements submitted on review constitute new evidence because they were unavailable prior to the issuance of the initial decision. However, we find neither statement warrants a different outcome than that of the initial decision because both statements were made several months after OSC closed its inquiry into the appellants' complaint. Typically, in an IRA appeal, the Board only may consider those charges of wrongdoing that the appellant presented before OSC, and it may not consider any subsequent recharacterization of those charges put forth in submissions to the Board. *See Jessup v. Department of Homeland Security*, 107 M.S.P.R. 1, ¶ 7 (2007). Because the evidence on review presented by the appellants concerns events that occurred after they filed their complaint with OSC, they could not have submitted these issues to OSC for its consideration. The allegations involving the appellants' new evidence, therefore, are not

properly before the Board in this appeal, and they do not warrant a different outcome.[8] We thus decline to consider the appellants' new evidence on review.

## ORDER

¶16    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you

---

[8] We disagree with the appellants' argument on review that the principles of economy and efficiency require the Board to consider these newly raised allegations in the first instance. *See* PFR File, Tab 4 at 14. The parties' remaining motions concerning the introduction of new evidence are denied. *See* PFR File, Tabs 5-6.

choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.